UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND LAMONT BELL,<br><br>                  Petitioner,<br><br>    v.<br><br>JEFFEREY PERKINS,<br><br>                  Respondent. | CASE NO. 2:24-cv-01592-JCC-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: **January 2, 2025** |

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Raymond Lamont Bell, proceeding *pro se* and *In Forma Pauperis*, filed a federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from a 2006 state court conviction and sentence. Dkt. 6. Upon review, the undersigned concludes the Petition is untimely under 28 U.S.C. § 2244(d) and recommends the Petition be **DENIED** and this action be **DISMISSED with prejudice.**

                                              **I.**      **BACKGROUND**

**A.**    **Conviction and Direct Appeal**

Following a jury trial in the Superior Court of Washington for King County ("Trial Court"), Petitioner was found guilty of first-degree rape of a child and two counts of molestation.

REPORT AND RECOMMENDATION - 1

Dkt. 10-1 at Ex. 1. On September 8, 2006, the Trial Court sentenced Petitioner to a term of 180 months to life in incarceration. *Id.*

Petitioner filed a timely challenge to his conviction and sentence on direct appeal. Dkt. 10-1 at Exs. 3, 5. The State of Washington Court of Appeals, Division One ("State Appeals Court") affirmed Petitioner's conviction and sentence. Dkt. 10-1 at Ex. 2. Petitioner then sought discretionary review by the Supreme Court of Washington ("State Supreme Court"). Dkt. 10-1 at Ex. 6. The State Supreme Court denied his petition for review on September 4, 2008, and the State Appeals Court entered the mandate for Petitioner's conviction the following month. *Id.*

Petitioner did not file a petition for a writ of *certiorari* with the United States Supreme Court. Dkt. 6 at 3 (answering "no" to question asking whether Petitioner sought a writ of *certiorari* on his direct appeal).

**B.      State Collateral Review**

Following the conclusion of his direct review, Petitioner sought state collateral review of his conviction by filing six personal restraint petitions ("PRP"). Dkt. 10-1 at Ex. 7 ("First PRP"), Ex. 10 ("Second PRP"), Ex. 13 ("Third PRP"), Ex. 16 ("Fourth PRP"), Ex. 21 ("Fifth PRP"), Ex. 23 ("Sixth PRP"). The filing date for each PRP and the issue date for the corresponding certificate of finality are as follows:

1. First PRP filed September 1, 2009; the certificate of finality issued May 6, 2011. *Id.* at Exs. 7, 9.

2. Second PRP filed May 3, 2011; certificate of finality issued February 10, 2012. *Id.* at Exs. 10, 12.

3. Third PRP filed January 10, 2012; certificate of finality issued August 8, 2012. *Id.* at Exs. 13, 15.

4. Fourth PRP filed March 26, 2013; certificate of finality issued September 24, 2014. *Id.* at Exs. 16, 20.

REPORT AND RECOMMENDATION - 2

5.  Fifth PRP filed January 29, 2015; certificate of finality issued August 7, 2015. *Id.* at Ex. 21.

6.  Sixth PRP filed February 12, 2024; certificate of finality issued July 10, 2024. *Id.* at Exs. 23, 25.

The First and Third PRPs were dismissed upon the State Appeals Court's determination that Petitioner had not satisfied the burden for obtaining collateral relief in state court, *Id.* at Exs. 8, 14, and the Second, Fourth, and Fifth PRP were dismissed as untimely under Wash. Rev. Code § 10.73.090, *Id.* at Exs. 11, 17, 22, 24.

**C.   Instant Petition**

Petitioner now seeks, for the first time, federal collateral review of his 2006 state court conviction and sentence. *See* Dkts. 1-1, 6. In his Petition filed on October 2, 2024, Petitioner asserts the following Grounds for federal habeas relief, each challenges the constitutionality of a provision of the rape shield law in Washington state, Wash. Rev. Code § 9A.44.020(1):

1.  Ground One: "Separation of Powers Doctrine – Violation of [the] U[nited] S[tates] Const[itution] Art[icle] 3"

2.  Ground Two: "Privileges and Immunities Clause – Violation of 14th Amendment to [United States] Constitution"

3.  Ground Three: "Equal Protection Clause – Violation of Due Process and Equal Protection under the 5th and 14th Amend[ments] [to the] U[nited] S[tates] Const[itution]"

4.  Ground Four: "Bill of Attainder (Art[icle] 1 § 9, Cl[ause] 3; Art[icle] 1 § 10 Cl[asue] 1)"

Dkt. 6 at 5–11. Respondent filed an Answer, arguing the Petition should be dismissed because it is time barred and because it asserts unexhausted and procedurally defaulted claims. Dkt. 9. Petitioner replied in support of his Petition, urging the Court to "fully consider" his Grounds for habeas relief notwithstanding the issues raised by Respondent. Dkt. 12 at 4. Thus, the Petition is now fully briefed and ripe for consideration.

REPORT AND RECOMMENDATION - 3

## II. DISCUSSION

Respondent first argues that the Petition should be dismissed as time barred because Petitioner initiated this action after expiration of the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, and because statutory and equitable tolling do not excuse his late filing. Dkt. 9 at 11–17. Because the Court agrees with this first argument for dismissal, it will not address Respondent's additional arguments concerning exhaustion and procedural default. *Id.* at 17–22. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing or a certificate of appealability.

### A. Statute of Limitations

Pursuant to AEDPA, a one-year statute of limitations applies to federal habeas petitions. 28 U.S.C. § 2244(d). Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state-court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."

Where, as here, a habeas petitioner has sought direct review of his conviction, his state-court judgment generally becomes "final" either when the United States Supreme Court rules on a timely filed *certiorari* petition or upon the expiration of time for filing such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999); *see also Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012). Petitioner's conviction was denied on direct appeal, and the State Supreme Court declined discretionary review on September 4, 2008. Dkt 10-1 at Exs. 2, 6. Because Petitioner did not petition for certiorari in the United States Supreme Court, his state court judgment became final when the time to petition for *certiorari* expired on December 3, 2008. *See* U.S. Sup. Ct. Rule 13 (a writ of *certiorari* must be filed within 90 days after entry of judgment).

Thus, the one-year limitations period for the instant Petition began running the following day on December 4, 2008. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir. 2001) (AEDPA's time limits are calculated in accordance with Fed. R. Civ. P. 6(a)).

**B.   Statutory Tolling**

Once AEDPA's limitations period begins, it is tolled while a "properly filed application for state post-conviction or other collateral review. . .is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An application for state collateral review remains "pending" until the application "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold,* 536 U.S. 214, 220 (2002); *Corjasso v. Ayers*, 278 F.3d 874, 879 (9th Cir. 2002).

Only properly filed applications for state collateral review toll AEDPA's limitations period. *Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (whether such an application is "properly filed" is a question of state law). This means, an application for state collateral review will not toll AEDPA's limitations period if the application is filed after expiration of the applicable state statute of limitations. *Pace*, 544 U.S. at 410, 413–17. In such instances, the untimely application for state collateral review is *improperly* filed and AEDPA's limitations period continues to run while state collateral review is pending. *See Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005), *amended*, 439 F.3d 993 (9th Cir. 2006) ("Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled."); *Gullick v. Bock*, 423 F. App'x 762 (9th Cir. 2011) ("When a post-conviction petition is untimely under state law, that is the end of the matter for [AEDPA's] statutory tolling purposes.").

For Petitioner, AEDPA's one-year limitations period ran uninterrupted for 271 days from December 4, 2008, until he filed his First PRP September 1, 2009. *See* Dkt. 10-1 at Ex. 7. The federal limitations period remained tolled while the First PRP was pending and started to run

REPORT AND RECOMMENDATION - 5

again on May 9, 2011, which was the first business day after the state collateral review was final. *Id.* at Ex. 9 (certificate of finality issued on May 6, 2011). The limitations period then ran uninterrupted[1] for the remaining 94 days, making the final date for Petitioner to file a timely federal habeas petition August 12, 2011. Because Petitioner did not imitate these federal habeas proceedings until October 2, 2024, his Petition is time barred unless he can show he is entitled to equitable tolling.

Seeking a different result, Petitioner invokes 28 U.S.C. § 2244(d)(1)(D), which provides that AEDPA's limitation period will not begin to run until after "the date on which the factual predicate" of the presented claims "could have been discovered through the exercise of due diligence." *See* Dkt. 6 at 14. Under this section of AEDPA, the time for filing "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)).

In each claim presented here, Petitioner challenges a provision of Washington's rape shield law that makes it unnecessary for an alleged victim's testimony to be corroborated to obtain a conviction for certain sexually motivated crimes. Dkt. 6 at 5–10; Wash. Rev. Code § 9A.44.020(1). He argues he "had no knowledge of the fact of the unconstitutionality" of that law. Dkt. 6 at 6, 9. In so arguing, Petitioner conflates the factual and legal predicates of his claims: the factual predicate of Petitioner's claims is whether Washington's rape shield law shaped the manner in which evidence was presented at his trial, whereas the legal predicate of his claims is whether that law is constitutional. Because these 'important facts' were discoverable through due

---

[1] Petitioner's Second PRP, which was filed on May 3, 2011, did not affect the running of AEDPA's limitations period because it was untimely and thus not a "properly filed" application for state collateral relief under 28 U.S.C. § 2244(d)(2). *See Pace*, 544 U.S. at 410, 413–17; *Bonner*, 425 F.3d at 1149.

diligence during his trial or soon thereafter, Petitioner's limitations period is not tolled under 28 U.S.C. § 2244(d)(1)(D).

**C.     Equitable Tolling**

Next, the one-year limitations period for filing federal habeas petitions may also be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631 (2010). Even so, equitable tolling is justified in very few cases, and the Ninth Circuit has noted that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A habeas petitioner bears the burden of showing that equitable tolling should be applied in their case. *Id*. at 1065.

In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently[;] and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner must also show that the extraordinary circumstances were, in fact, the reason their federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Here, Petitioner fails to show that extraordinary circumstances beyond his control prevented him from filing his Petition on time. Instead, Petitioner argues that AEDPA's one year limitation period does not apply to his Petition because his sentence "was imposed in excess of the [state] court's jurisdiction." Dkt. 6 at 14. This argument is an apparent reference to an exemption from the one-year time limit for filing habeas petitions in Washington state court. *See*

REPORT AND RECOMMENDATION - 7

Wash. Rev. Code § 10.73.090(1). No such exemption applies under AEDPA, and this Court has previously rejected an identical argument, finding these matters of state law to be irrelevant to the timeliness of a habeas petition filed in federal court. *See Shenefield v. Washington*, No. 23-cv-5617-RAJ-MLP, 2023 WL 9507661, at *1 (W.D. Wash. Dec. 12, 2023), *report and recommendation adopted*, 2024 WL 402807 (W.D. Wash. Feb. 2, 2024) ("[T]he fact that any collateral attack on Petitioner's 2021 judgment may be, or in his view should be, exempt from the *state* statute of limitations is irrelevant to the question of whether Petitioner's § 2254 petition was timely filed under the *federal* statute of limitations.") (emphasis added); *see also Ramirez v. Koenig*, No. 20-cv-1348-RSWL-PVC, 2020 WL 6435393, at *6 (C.D. Cal. Sept. 18, 2020), *report and recommendation adopted*, No. 2020 WL 6395475 (C.D. Cal. Nov. 2, 2020) ("Petitioner provides no authority [permitting] him to bring his state court jurisdictional challenge to *federal* court at any time.") (emphasis in original). Therefore, Petitioner has not shown he is entitled to equitable tolling, and his Petition is untimely.

Accordingly, Petition should be **DENIED** as time barred under 28 U.S.C. § 2244(d) and this action should be **DIMISSED with prejudice**.

### III. EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the allegations would not entitle a petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes

REPORT AND RECOMMENDATION - 8

habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. A federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court, unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022). Because this action is resolvable as untimely on the existing record, the undersigned concludes that an evidentiary hearing is unnecessary.

## IV.   CERTIFICATE OF APPEALABILITY

Finally, a petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a District or Circuit Judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No reasonable jurist could disagree with the above evaluation of Petitioner's claims or conclude that the issues presented in his Petition should proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

## V.   CONCLUSION

For the stated reasons, the Petition is untimely and barred by the one-year limitations period imposed by 28 U.S.C. § 2244(d). It is therefore recommended the Petition (Dkt. 6) be **DENIED** and this action be **DISMISSED with prejudice**.

The undersigned further concludes that no evidentiary hearing is required and no certificate of appealability shall issue.

REPORT AND RECOMMENDATION - 9

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 2, 2025**, as noted in the caption.

Dated this 17th day of December, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10